IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

AARON RANDOLPH, TRUSTEE OF
THE ROGER K. RANDOLPH TRUST,

                      Plaintiff,

v.                                                 CIVIL ACTION NO.   3:23-00006

COLUMBIA GAS TRANSMISSION, LLC,
a Delaware limited liability company,

                      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Columbia Gas Transmission, LLC's Motion to Dismiss (ECF No. 2) and Plaintiff Aaron Randolph, Trustee of the Roger K. Randolph Trust's Motion for Leave to Amend Complaint. ECF No. 5. For the following reasons, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

In his original Complaint, Plaintiff alleges that Defendant breached an Easement and Right-of-Way Agreement (hereinafter referred to as the Agreement) it has with Plaintiff. Specifically, Plaintiff claims that Defendant failed to properly restore certain property after installation of a pipeline as required by the Agreement. *Compl.* ¶10. As a result, Plaintiff asserts the subject "property has developed drainage and water retention problems." *Id.* ¶9.

Defendant has moved to dismiss the Complaint, arguing that the terms of the Agreement prevent recovery in this case. Defendant asserts that it paid Plaintiff $34,320 as

consideration under the Agreement. In exchange, the Agreement provides, in part, that Defendant "has compensated [Plaintiff], in advance, for any and all damages, costs and expenses which may arise out of, are connected with, or relate in any way to [Plaintiff's] conveyance, or [Defendant's] exercise of the rights set forth herein" which includes "damages, costs, and expenses attributable to or arising from [Defendant's] proper execution of the initial construction, mitigation, and restoration activities . . . and the proper installation, presence or operation of the Facilities upon the property." *Easement and Right-of-Way Agreement* ¶6, ECF No. 1-1. Defendant asserts that the only exception to this waiver is "for any damages, costs or expenses caused solely by the gross negligence or willful misconduct of [Defendant]." *Id*. As Plaintiff did not allege any negligence (not to mention gross negligence) or willful misconduct in the Complaint, Defendant argues Plaintiff's breach of contract claim should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff responded to Defendant's motion and moved to file an Amended Complaint. With respect to Defendant's argument that the breach of contract claim cannot survive, Plaintiff asserts that the advance compensation provision of the Agreement requires "*proper* execution of the . . . restoration activities." *Id.* (italics added). As both the original and proposed Amended Complaint plainly allege that Defendant did not act "properly" in restoring the property, Plaintiff argues he has sufficiently alleged a breach of contract claim that is not barred by the advance compensation provision. *See Comp.* ¶10 and *Prop. Am. Compl.* ¶12 (alleging a failure to properly restore the property).

In considering the parties' arguments, the Court must keep in mind the Rule 12(b)(6) standard. Under the Rule, the Court must accept the factual allegations in the complaint as true, and the Court looks for plausibility in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 does not demand that the factual allegations be detailed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Here, Plaintiff clearly has alleged that Defendant improperly restored the property in violation of the Agreement. As a result, Plaintiff insists the advance compensation he received does not cover the damages he has alleged. Accepting the truth of Plaintiff's allegations, the Court finds Plaintiff has sufficiently alleged a plausible claim. Therefore, the Court **DENIES** Defendant's motion as to the breach of contract claim.[1]

As an alternative to his breach of contract claim, Plaintiff argues "the entire agreement is a contract of adhesion and unconscionable." *Pl.'s Resp. to Columbia Gas Trans., LLC's Mot. to Dismiss*, at 4, ECF No. 3.[2] Therefore, Plaintiff asserts it should not be enforced.

---

[1]Additionally, Plaintiff in his briefing asserts that paragraph 4 of the Agreement requires Defendant to "comply with all applicable federal . . . laws, regulations, orders and rules related to the exercise of [Defendant's] rights hereunder[.]" *Easement and Right-of-Way Agreement* ¶4, in part. Plaintiff argues that this provision was breached because Defendant failed to restore the property in accordance with its approved certificate by the Federal Energy Regulatory Commission (FERC). However, Plaintiff does not specifically mention FERC or any violation of a statute or regulation in either his Complaint or Proposed Amended Complaint. Therefore, the Court will not address that argument here.

[2]Plaintiff also asserts in his Response that Defendant breached a verbal agreement to restore the property. However, there is no mention in either the original Complaint or the Amended

Instead, he adds a second count in his proposed Amended Complaint alleging that Defendant "was negligent by failing to properly reclamate the subject property." *Proposed Am. Compl.* ¶16, ECF No. 5-1.[3]

In its Response, Defendant also argues Plaintiff's negligence claim[4] should be denied for futility because it arises out of the contract and is barred by the gist of the action doctrine. The gist of the action doctrine provides that "[a]n action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." *Star Techs. Ltd. Liab. Co. v. Tremco Inc.*, Civ. Act. No. 3:22-0333, 2022 WL 16575430, at *3 (S.D. W. Va. Nov. 1, 2022) (internal quotation marks and citations omitted). Under the doctrine, tort actions are barred:

> (1) where liability arises solely from the contractual relationship between the parties;
>
> (2) when the alleged duties breached were grounded in the contract itself;
>
> (3) where any liability stems from the contract; [or]
>
> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

---

Complaint of a verbal agreement, and Plaintiff's breach of contract claim clearly refers to the "Agreement" as the written Easement and Right-of-Way Agreement. *See Compl.* ¶8; *Prop. Am. Comp.* ¶9. Thus, as Plaintiff has not made any allegations or claims for a breach of a verbal contract, the Court declines to consider Plaintiff's argument that it should be a reason to deny Defendant's Motion to Dismiss.

[3]In his proposed Amended Complaint, Plaintiff also seeks to correctly identify the official Trustee and owner of the properties as Grace C. Randolph.

[4]The proposed Amended Complaint does not specifically allege gross negligence or willful misconduct, which Defendant acknowledges would be an exception to the advance compensation provision.

*Id.* (internal quotation marks and citations omitted). The purpose of the doctrine is "to prevent the recasting of contract claims as tort claims." *Id.* (citations omitted). Defendant argues it is clear in this case that Plaintiff's negligence claim arises from, duplicates, and is dependent upon the contract claim. Therefore, Defendant argues the amendment should be denied.

However, Rule 8(d)(2) expressly permits a plaintiff to plead alternative theories of recovery. Fed. R. Civ. P. 8(d)(2) (providing, in part, that "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient"). Rule 8 further allows a plaintiff to "state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As a result, it is unnecessary for a plaintiff to elect and plead a single theory of recovery. Moreover, when the gist of the action doctrine is raised at the motion to dismiss state of the litigation, courts have exercised caution in granting such a motion "'because whether tort and contract claims are separate and distinct can be a factually intensive inquiry.'" *Princeton Cmty. Hosp. Ass'n, Inc. v. Nuance Commc'ns, Inc*., Civ. Act. No. 1:19-00265, 2020 WL 1698363, at *6 (S.D. W. Va. Apr. 7, 2020) (collecting cases). Therefore, applying these principles here, the Court is not inclined at this juncture to find Plaintiff's alternative negligence claim is futile and **GRANTS** Plaintiff's Motion for Leave to Amend Complaint. Nevertheless, the Court recognizes that the issue may be raised again prior to trial, which may require the Court to make a definitive ruling on the matter at that time. *See id.*, 2020 WL 1698363, at *7 (finding "the appropriate course of action is for the Court to deny the pending motion to dismiss, but to note that the gist of the action doctrine may require the Court, prior to trial, to rule definitively on its application in this case").

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant Columbia Gas Transmission, LLC's Motion to Dismiss (ECF No. 2) and **GRANTS** Plaintiff Aaron Randolph, Trustee of the Roger K. Randolph Trust's Motion for Leave to Amend Complaint. ECF No. 5.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 29, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE