IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GRACE C. RANDOLPH, individually and
TRUSTEE OF THE ROGER K. RANDOLPH TRUST,
DATED MAY 5, 2004,

        Plaintiff,

v.            CIVIL ACTION NO. 3:23-00006

COLUMBIA GAS TRANSMISSION, LLC,
a Delaware limited liability company,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

    On July 3, 2024, Defendant Columbia Gas Transmission, LLC filed a Motion to Strike Plaintiff Grace C. Randolph's Response to its Motion for Summary Judgment because she filed it beyond the fourteen (14) day filing deadline. ECF No. 36. On July 8, 2024, this Court directed Plaintiff to file a Motion to File Late explaining the reason for the late filing. On that same day, counsel for Plaintiff filed the motion and related that he overlooked the Court's Scheduling Order, which contained a clear deadline of fourteen days to respond to summary judgment motions,[1] and that he was unaware of Local Rule of Civil Procedure 7.1(a)(7), which provides the same.[2] Instead, he states that he relied upon "*Fed. R. Civ. P. 56c(1)(B)*," which he asserts provides

---

[1] In relevant part, the Scheduling Order states that "[a]ny responses shall be filed within 14 days of the filing of the motion[.]" *Scheduling Order*, at 2 (Oct. 12, 2023), ECF No. 18.

[2] This section specifically provides, in part: "Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion." L.R. Civ. P. 7.1(a)(7), in part.

a "'party opposing the motion must file a response **within 21 days** after the motion is served[.]'" *Pl.'s Mot. to File Late Resp. in Opp'n*, at 1 (emphasis added by Pl.), ECF No. 38.

As recognized by Defendant in its Response, Plaintiff's counsel cites Rule 56c(1)(B), a provision of the Federal Rules of Civil Procedure that does not exist. The Court shall presume, as did Defendant, that Plaintiff's counsel intended to cite Rule 56(c)(1)(B). However, the language Plaintiff's counsel quotes is not found in the current version of that provision. Instead, the quoted language appears to have been added to Rule 56 in 2009 and, thereafter, was removed via amendment in 2010. Although 2010 was the year Lady Gaga wore her infamous "meat dress" to the MTV Video Music Awards, much like the "meat dress," the 2009-2010 rule has expired, and the short-stint language contained in Rule 56(c)(1)(B) has not been effective for nearly fourteen years.

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which Plaintiff's counsel does not discuss or even mention in his motion, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[3] In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court addressed the meaning of the phrase "excusable neglect" under the bankruptcy rules. In *Pioneer*, the Supreme Court concluded the phrase "is at bottom an equitable one, taking account of all relevant circumstances surrounding the

---

[3]Although not relevant here, subsection two provides an exception that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

party's omission." 507 U.S. at 395. In deciding whether excusable neglect exists, the Supreme Court lists several factors for courts to consider, including: "the danger of prejudice to the [adverse party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. Although "excusable' neglect" "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant," *id.* at 392 (footnotes omitted), in most cases, "[i]gnorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity. In most instances, mistaken reliance on provisions of the Rules or unfamiliarity with the Rules will not rise to the level of excusable neglect." 1 James Wm. Moore et al., Moore's Federal Practice § 6.06(3)(c) (2023) (footnotes with citations omitted). While *Pioneer* is a bankruptcy case, courts, including the Fourth Circuit Court of Appeals, have applied the factors set forth therein in other types of civil cases. *See, e.g., In re Am. Nurses Ass'n,* 643 F. App'x 310, 312-13 (4th Cir. 2016) (per curiam) (discussing the *Pioneer* factors in affirming the lower court's decision to extend time to seek attorneys' fees and costs).

Applying these factors to the present case, the Court finds Defendant will not suffer any genuine prejudice by the Court's consideration of Plaintiff's Response to its Motion for Summary Judgment. Additionally, the Court finds the filing was delayed only by one week and will have no impact on any judicial proceedings. Furthermore, the Court has no indication that counsel acted in bad faith. Nevertheless, the Court is very troubled by the reason for the delay. Counsel had three opportunities to get it right, but didn't. The deadline was set forth in the Scheduling Order, which counsel admits he "overlooked." Despite the deadline also being

established in the Local Rules, counsel admits he was unfamiliar with Rule. Lastly, counsel's only justification for missing the deadline is that he relied upon the timing in Rule 56(c)(3)(B), which he not only misidentifies, but also apparently is unaware has been obsolete for more than a decade.

Counsel's inattention and disregard for his duties as an attorney and as an officer of the Court make it extremely difficult for this Court to find excusable neglect exists. However, as excusable neglect is a flexible concept, Defendant will not suffer any genuine prejudice, Plaintiff herself relied upon her counsel as she is unsophisticated in such matters, and the other *Pioneer* factors weigh in favor of permitting the late filing, the Court narrowly **FINDS** that excusable neglect exists. Nevertheless, the Court admonishes Plaintiff's counsel that, if he continues to practice in federal court, he is expected to become well versed in both the Federal and Local Rules of Civil Procedure and that this Court is unlikely to find excusable neglect under similar circumstances in the future.[4]

Accordingly, the Court **GRANTS** Plaintiff's Motion to file Late Response in Opposition (ECF No. 38) and **DENIES** Defendant's Motion to Strike Plaintiff's Untimely Response for Summary Judgment. ECF No. 36. Defendant shall have until **on or before July 25, 2024**, to file its Reply.

---

[4]The Court reminds counsel that the West Virginia Code of Professional Conduct require him to "keep abreast of changes in the law and its practice[.]" W. Va. R. of Pro. Conduct r.1.1 cmt. 8. The Court has attached a hyperlink to the Local Rules for his convenience. *See* WVSD L. R. Civ. P., https://www.wvsd.uscourts.gov/court-info/local-rules-and-orders/local-rules, *archived at* https://perma.cc/3WA5-5DML (last visited July 17, 2024).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 17, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE