## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

GRACE C. RANDOLPH, individually and
TRUSTEE OF THE ROGER K. RANDOLPH TRUST,
DATED MAY 5, 2004,

                Plaintiff,

v.                                          CIVIL ACTION NO.   3:23-00006

COLUMBIA GAS TRANSMISSION, LLC,
a Delaware limited liability company,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Columbia Gas Transmission, LLC's ("Columbia Gas") Motion for Summary Judgment (ECF No. 30) and its Motion in Limine or, in the Alternative to Strike. ECF No. 32. Plaintiff Grace C. Randolph, individually and as the Trustee of the Roger K. Randolph Trust, Dated May 5, 2004, opposes the motions. For the following reasons, the Court **GRANTS, in part,** and **DENIES, in part**, the Motion for Summary Judgment and **DENIES** the Motion in Limine or, in the Alternative to Strike.

### I.
### FACTUAL ALLEGATIONS

In the Amended Complaint, Plaintiff states that she is the Trustee over certain property located in Putnam County, West Virginia. On or about November 3, 2017, Plaintiff and her now deceased husband, Roger K. Randolph, as the former Trustee, granted Columbia Gas an easement and right-of-way across the property "for the construction, maintenance, and operation of a gas transmission pipeline[.]" *Am. Compl.* ¶9, ECF No. 14. Plaintiff contends that, after the

pipeline was installed, Columbia Gas failed to properly reclaim the property, which caused drainage and water retention problems. *Id*. ¶¶11, 12.

As a result, Plaintiff asserts two causes of action against Defendant. First, Plaintiff alleges a breach of contract by failing to reclaim the property to a similar condition that existed prior to the installation of the pipeline. Second, Plaintiff alleges Columbia Gas was negligent in restoring the property to its previous condition. Columbia Gas argues both of these claims fail.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III.
### DISCUSSION

### A.
### Negligence

The Court first addresses Columbia Gas's argument that Plaintiff's negligence claim must be dismissed under the gist of the action doctrine. Under West Virginia's "gist of the action" doctrine, "[a]n action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." *Soyoola v. Oceanus Ins. Co.*, 986 F. Supp. 2d 695, 707 (S.D. W. Va. 2013) (quoting Syl. Pt. 9, *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619 (W. Va. 2002)). "Whether a tort claim can coexist with a contract claim is determined by examining whether the parties' obligations are defined by the terms of the contract." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013) (per curiam) (citing *Goldstein v. Elk Lighting, Inc.*, 2013 WL 790765, at *3 (M.D. Pa. Mar. 4, 2013)). The purpose of the doctrine is to prevent contract claims from "masquerading as a tort." *Covol Fuels No. 4, LLC v. Pinnacle Min. Co.*, 785 F.3d 104, 116 (4th Cir. 2015) (internal quotation marks and citation omitted). As this Court stated at the motion to dismiss stage of this matter, a tort action is barred in situations

(1) where liability arises solely from the contractual relationship between the parties;

(2) when the alleged duties breached were grounded in the contract itself;

(3) where any liability stems from the contract; [or]

> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Randolph, Tr. of Roger K. Randolph Tr. v. Columbia Gas Transmission, LLC,* No. CV 3:23-00006, 2023 WL 5602316, at *2 (S.D. W. Va. Aug. 29, 2023) (quotation marks and citation omitted).

 

Although this Court did not dismiss Plaintiff's negligence claim as an alternative theory of recovery at the motion to dismiss stage, Plaintiff must offer some evidence at summary judgment of an independent negligence claim, separate from her contract claim. In her Response to Columbia Gas's motion, however, Plaintiff offered no evidence of an independent negligence claim and, in fact, did not even address Columbia Gas's gist of the action argument. Therefore, without any argument or evidence by Plaintiff to refute that her negligence claim is simply a duplication of her contract claim, the Court **GRANTS** summary judgment in favor of Columbia Gas on Count Two.

### B.
### Breach of Contract

The Court next addresses Columbia Gas's argument it is entitled to summary judgment on Plaintiff's breach of contract claim. In support, Columbia Gas asserts there is no language in either of the relevant easement and right-of-way contracts that impose upon it a duty to restore, remediate, or repair any damage to the property. Therefore, Columbia Gas argues it could not have breached any such terms in the contracts. The Court disagrees.

Here, it appears undisputed that there were two easement and right-of-way agreements signed on November 3, 2017.[1] In relevant part, the contracts are identical and provide:

> 6. **Indemnity**. Grantee agrees to indemnify and hold harmless Grantor from, against, and in respect of any and all liability, claims, damages, costs, and losses of whatever character (collectively, "**Claims**") arising from personal injury or death or damage to property of Grantor and any and all Claims of whatever character claimed by third parties, to the extent such Claims result from action, negligence or willful misconduct of Grantee . . . in connection with the exercise of Grantee's rights under this Agreement. Grantor agrees to indemnify and hold harmless Grantee . . . from, against, and in respect of any and all Claims resulting from personal injury or death or damage to property of Grantee . . . and any and all Claims of whatever character asserted by third parties, to the extent such Claims result from the action, negligence or willful misconduct of Grantor or Grantor's invitees or licenses.
>
> Notwithstanding the foregoing or anything to the contrary herein, Grantor acknowledges and agrees that Grantee has compensated Grantor, in advance, for any and all damages, costs and expenses which may arise out of, are connected with, or relate in any way to Grantor's conveyance, or Grantee's exercise, of the rights set forth herein, including but not limited to, any and all tree, crop, plant, timber, harvest or yield loss damages, or any other damages costs and expenses attributable to or arising from Grantee's *proper execution* of the initial construction, mitigation, and restoration activities within the Right of Way and Temporary Work Spaces and the *proper installation, presence or operation* of the Facilities upon the Property. *Notwithstanding the foregoing, nothing contained herein shall be construed to release Grantee from liability for any damages, costs or expenses caused solely by the gross negligence or willful misconduct of Grantee.*

*Easement and Right-of-Way Agreements*, ¶6 (emphasis added), ECF Nos. 30-1 & -2. Columbia Gas argues the language in these two paragraphs does not impose upon it any obligation to reclaim or restore damage to the Grantor's property as the Grantor received advance compensation for any

---

[1] Plaintiff signed only one of the contracts. Her husband signed both contracts.

damage. Instead, Columbia Gas insists these paragraphs only concern indemnification against third-party claims.

As to the first paragraph, the Court agrees with Columbia Gas that it details the indemnification obligations of both the Grantee and the Grantor in the event of a third-party claim. However, the second paragraph speaks directly to the extent of any liability Columbia Gas may have to the Grantor for damages. Pursuant to this paragraph, there is an agreement that the Grantor already has received compensation for damages that may occur to certain assets on the property or "any other damages costs and expenses attributable to or arising from Grantee's *proper* execution of the initial construction, mitigation, and restoration activities . . . [and] the *proper* installation, presence or operation of the Facilities upon the Property." *Id.* (emphasis added). However, this provision does not provide that the Grantor has been compensated if the Grantee acted improperly in performing these tasks. Indeed, the very next sentence provides that, notwithstanding the compensation the Grantor already received, the agreement does not release the "Grantee from liability for any damages, costs or expenses caused solely by the gross negligence or willful misconduct of Grantee." *Id.* Clearly, this language provides that Columbia Gas may be held liable for damages under certain circumstances for claims brought by the Grantor, and the Court finds it cannot shield itself from all liability to the Grantor simply by placing this provision under the title "Indemnity" for claims brought by a third party. The actual language contained in the second paragraph controls, not the heading.

Additionally, it is well established in West Virginia that there is a duty of good faith and fair dealing in the performance and enforcement of every contract. *Miller v. WesBanco Bank,*

*Inc*., 859 S.E.2d 306, 329 (W. Va. 2021). "'Good faith' means 'honesty in fact and the observance of reasonable commercial standards of fair dealing.'" *Id.* (quoting W. Va. Code § 46-1-201(20); other quotation marks and citation omitted). In expounding upon this duty, the West Virginia Supreme Court also has quoted the Restatement (Second) of Contracts, which explains:

> Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified. But the obligation goes further: bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

*Id*. (quoting Restatement (Second) of Contracts § 205, cmt. d; other citation and quotation marks omitted). Under Columbia Gas's reasoning, the contract allows it to leave the property in any state of disrepair it so desires and Plaintiff has no remedy other than indemnification against a third-party claim. The Court finds such an interpretation contradicts the plain and clear language quoted above and certainly could be viewed as violating the standards of fair dealing.[2] Therefore, the Court rejects Columbia Gas's argument that the contract does not impose a duty upon it to make repairs to the Grantor's property.[3]

---

[2]Moreover, to the extent it is even arguable that the "Indemnity" heading renders the language in the second paragraph ambiguous (which the Court finds it is not), any ambiguity is construed against Columbia Gas as the drafter of the contract. *See, e.g., Energy Dev. Corp. v. Moss,* 591 S.E.2d 135, 144–45 (W. Va. 2003) ("It is well settled in West Virginia, where a lease is prepared by the lessee, and there is doubt as to its construction, it must be construed against the lessee as the party who selected the terms and expressions used." (internal quotation marks and citations omitted)).

[3]Plaintiff also makes a single statement that "Defendant's F.E.R.C. approval places a duty to properly restore the Subject Property as well." *Pl.'s Resp. to Mot. for Summ. J.*, at 2, ECF No. 35. Without any further citations, discussion, or argument by Plaintiff, the Court declines to address it as it is inadequately briefed.

**C.**
**Damages**

The Court next turns to Columbia Gas's argument that it is entitled to summary judgment because Plaintiff has no evidence of damages. In support of a damage claim, Plaintiff submitted a damage estimate by Timothy B. Cart, PE, PS, a professional engineer and surveyor. Columbia Gas, however, has moved to exclude the damage report or, in the alternative to strike it.

As way of background, Plaintiff timely disclosed Mr. Cart as an expert under Rule 26(a)(2) of the Federal Rules of Civil Procedure. In his report, Mr. Cart opines, in part, "that the cause of the persistent wet conditions at the site are related to the effects of the construction activities associated with the installation of the pipeline by Columbia Gas." *Ltr. form Report by Timothy B. Cart to Pl.'s Counsel*, at 3 (Mar. 19, 2024), ECF No. 32-1. Mr. Cart, however, did not include a repair estimate in his report. According to Plaintiff's counsel, Mr. Cart was unable at the time to give an estimate because he did not have all the cost information he needed. Instead, a little over a month later, on April 29, 2024, Plaintiff disclosed Mr. Cart's estimated cost of repair. *Estimate of Land Restoration* (Apr. 29, 2024), ECF No. 32-2.

Columbia Gas argues Mr. Cart's estimate is deficient for a number of reasons. First, Columbia Gas points out that Plaintiff's counsel labeled the disclosure as being made pursuant to Rule 26(a)(1)(A)(iii) and not under Rule 26(a)(2). Therefore, Columbia Gas asserts that it should be excluded as an expert report. The Court agrees that Plaintiff's counsel erred in labeling the disclosure, but it finds the error does not warrant exclusion. Columbia Gas already knew that Mr. Cart was Plaintiff's designated expert and, reading his expert report and the estimate together, it is obvious that, despite the inaccurate label, Mr. Cart's estimate was a supplement to his expert

report. As the preferred remedy is not to strike a claim or preclude evidence based upon a trifling error such as this, the Court finds that to grant summary judgment in favor of Columbia Gas based upon such grounds would place form over substance, which this Court declines to do.

Second, Columbia Gas argues that the disclosure was untimely because the deadline for Plaintiff's expert disclosures was March 20, 2024, Columbia Gas's expert disclosures were due April 22, 2024, and the damage estimate was not provided until April 29, 2024. In response, Plaintiff points out that the discovery deadline was not until May 20, 2024, but Columbia Gas never deposed Mr. Cart or made any investigation into the damage estimate. Instead, Columbia Gas held off raising its objections and challenges until the deadline for dispositive motions on June 11, 2024.

Upon review, the Court finds that, not only had Plaintiff disclosed the estimate prior to the discovery deadline, but it also was prior to the expert rebuttal deadline.[4] Yet, Columbia Gas laid in wait until the dispositive motion deadline to challenge Plaintiff's counsel's sloppiness. As Columbia Gas had ample time to raise and address the issue prior to the discovery deadline, the Court will not strike the evidence as untimely.

The Court nevertheless recognizes that Plaintiff's counsel's carelessness in citing the wrong provision invited Columbia Gas's motion. Perhaps realizing some responsibility, Plaintiff states she is willing to agree to an extension of time to allow Columbia Gas to designate a rebuttal expert. Although Columbia Gas argues it should not have to go through the expense of

---

[4]The rebuttal deadline was May 6, 2024.

retaining a rebuttal expert and refiling its motion for summary judgment, [5] upon careful consideration, the Court finds that justice is best served by permitting the parties to engage in limited discovery solely related to Mr. Cart's damage estimate. To this end, the Court shall allow Columbia Gas to depose Mr. Cart or to serve interrogatories upon Plaintiff to gather information about Mr. Cart's damage estimate. If Columbia Gas pursues interrogatories, it also may move to accelerate the time period in which Plaintiff must respond. Thereafter, Columbia Gas may designate a rebuttal expert, and Plaintiff will be given an opportunity to depose that expert. [6] Given this decision, the Court **DENIES** Columbia Gas's Motion in Limine or, in the Alternative to Strike Mr. Cart's damage estimate and Columbia Gas's Motion for Summary Judgment based upon its argument that Plaintiff has no evidence of damages.

**IV.**
**CONCLUSION**

Accordingly, for the foregoing reasons, the Court **GRANTS** Columbia Gas's Motion for Summary Judgment as to Count Two and **DENIES** the motion as to Count One. ECF No. 30. The Court also **DENIES** the Motion in Limine or, in the Alternative to Strike (ECF No. 32) and **REOPENS** limited discovery **until September 16, 2024**. Following the close of

---

[5]The Court gives no weight to Columbia Gas's argument it relied upon its position that Plaintiff lacked admissible evidence of damages when it moved for summary judgment. By extending discovery, Columbia insists it is harmed because it now may need to go to the expense of rewriting its summary judgment motion. As stated earlier, Columbia Gas had ample time to raise its issues with the damage report before the dispositive motion deadline. Its decision to file the motions on the same day was its own choice, and it bears the burden of that decision. Additionally, the Court finds it unnecessary at this point to address Columbia Gas's argument Plaintiff may not seek damages for annoyance, inconvenience, aggravation, or nominal damages. If necessary, the Court will address that issue at trial.

[6]Columbia Gas also asserts that Mr. Cart's damage estimate is inadequate because he fails to explain his methodology, sources employed, or state he drew his conclusions to a degree of engineering certainty. These are all issues that may be explored during the limited discovery period.

discovery, Columbia Gas shall have until **September 30, 2024** to disclose a rebuttal expert. Plaintiff then shall have until **October 14, 2024**, to depose any rebuttal expert. The Court further **SUSPENDS** the remainer of the Scheduling Order and **DIRECTS** the parties to meet and confer and submit a report to the Court **on or before October 21, 2024**, proposing new dates for a pretrial conference, final settlement conference, and trial date.

       The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     August 16, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE